### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

**YASMEEN ELAGHA,**

    Plaintiff,

v.

**NORTHWESTERN UNIVERSITY
PRITZKER SCHOOL OF LAW,** *et al.*

    Defendants.

Case No. 24-cv-12066

### PLAINTIFF'S AGREED MOTION TO SEVER AND
### REMAND STATE LAW CLAIMS, AND TO AMEND THE CASE CAPTION

Plaintiff Yasmeen Elagha, by and through undersigned counsel, moves to sever and remand certain state law claims to the Circuit Court of Cook County, Illinois as well as to amend the case caption to reflect the properly named Defendants.

This motion is timely under 28 U.S.C. § 1447(c) and unopposed. Plaintiff has conferred with opposing counsel for the Northwestern Defendants, who do not object to severance and remand.

Plaintiff filed this action in the Circuit Court of Cook County on November 15, 2024, asserting numerous federal and state law claims against multiple defendants. On November 22, 2024, Defendants Northwestern University Pritzker School of Law and Northwestern University Police Department removed this action to federal court pursuant to 28 U.S.C. § 1441. On January 10, 2025, Defendants Northwestern University Pritzker School of Law, Northwestern University Police Department, Hari Osofsky, Susan Michelle Spies Roth, and George Langford (the "Northwestern Defendants") filed a motion to dismiss. Plaintiff's response to the Northwestern Defendants' Motion to Dismiss is due by February 4, 2025 pursuant to the Court's order. The

Northwestern Defendants' reply is due by February 18, 2025. Plaintiff moves to sever and remand the remaining claims against the Non-Northwestern Defendants[1] to Circuit Court of Cook County under 28 U.S.C. §§ 1441(c) and 1447(c).

This Court has federal question jurisdiction over the federal claims arising under Title VI of the Civil Rights Act of 1964 (counts I and II) against the Northwestern Defendants ("federal claims"). This Court also has supplemental jurisdiction for the remaining claims (counts VII, VIII, and IX) against the Northwestern Defendants. However, Plaintiff's state law claims against the Non-Northwestern Defendants are distinct and should be remanded. These claims (counts III – Defamation per se, IV – Defamation, V – False Light, VI – Commercial Disparagement, and VII – Negligence) ("state law claims") all turn on allegations of state, not federal law.

Rule 42(b) permits that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "The Seventh Circuit has emphasized that only one of the above criteria, prejudice or judicial economy, needs to be satisfied for a court to grant bifurcation "as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment."" *Rodriguez v. City of Chicago*, 429 F. Supp. 3d 537, 540 (N.D. Ill. 2019) (quoting *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007)). "The district court has considerable discretion in deciding whether to bifurcate claims". *Rodriguez v. City of Chicago*, 429 F. Supp. 3d 537, 540 (N.D. Ill. 2019) (referencing *Volkman v. Ryker,* 736 F.3d 1084, 1089 (7th Cir. 2013); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)).

Additionally, under 28 U.S.C. § 1441(c), federal courts may sever and remand state law

---

[1] For clarity, the Non-Northwestern Defendants are: The Daily Signal Media Group, Inc. D/B/A The Daily Signal, The Star News Network, a/k/a Star News Digital Media, Inc., The Connecticut Star, The Tennessee Star, Melody Mostow, Anita Kinney, Anthony Kinnett, John Doe 1-10, and Jane Doe 1-10.

claims that are unrelated to the federal claims or would predominate over them. In fact, the federal court must remand those claims to state court over which the federal court lacks subject-matter jurisdiction, and any doubts as to the propriety of exercising federal jurisdiction over a claim must be resolved in favor of remanding the claim to state court. 28 U.S.C. §§ 1447(c); see also *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("If some portions of a single suit are within federal jurisdiction, while others are not, the federal court must resolve the elements within federal jurisdiction and remand the rest."); see also *Friedman v. Board of Educ.*, 1998 U.S. Dist. LEXIS 2480, *1 ("As courts of limited jurisdiction, federal courts are careful to avoid unnecessary incursions into state law.") Severance and remand is appropriate here. These claims do not present common issues of law or fact. The federal law claims are, for the most part, a separate matter to the other claims in this case, and against the Northwestern Defendants only.

The principles of judicial economy, fairness, and federalism strongly support remanding the remaining state law claims. The interest of judicial efficiency is served by remanding the state law claims, as this court has expended minimal resources at this early stage of the litigation. See *Bode v. Aerco Int'l, Inc.,* No 13-CV-1310, 2014 U.S. Dist. LEXIS 57598, 2014 WL 1661345, at *4 (S.D. Ill. Apr. 25, 2014) ("It does not make sense for the Court to expend time and resources, where it has so far invested very little, on a case having a minimal relation to federal law.").

Further, severing these claims will simplify proceedings in this court, allowing the predominantly federal claims to be addressed without the complexities of unrelated state law questions. These claims do not present common issues of law or fact. The federal law claims are, for the most part, a separate matter to the other claims in this case, and against the Northwestern Defendants only. The state law claims are against a different set of defendants and involve facts and claims which are distinct from those of the federal law claims. See *Gaffney v. Riverboat Servs.*

*of Ind., Inc.,* 451 F.3d 424, 443-44 (7th Cir. 2006) (approving severance where "[t]he validity of the claims before us does not depend, as a matter of law, on the outcome of the severed claims"). Therefore, much of the evidence relevant to the federal law claim is irrelevant to the state law claims. See *Leaf v. Marion County*, 2005 U.S. Dist. LEXIS 59787, *2-3. The state law claims involve issues governed by Illinois law, making the state court the optimal forum to adjudicate them. *Krol v. Whitten Law Off., LLC*, 2024 U.S. Dist. LEXIS 87471, *1 ("Whenever possible, state courts should decide issues of state law, particularly when state-law claims were sued originally in state court.").

Additionally, no parties would be unfairly prejudiced or rights violated from such bifurcation. Bifurcation would in fact further the rights of Plaintiff, the involuntarily removed party, to litigate in the forum of her choice. See *Klohr v. Martin & Bayley, Inc.*, 2006 U.S. Dist. LEXIS 26242 at *6 ("[I]t is prejudicial to Plaintiffs to be required to litigate their claims in a court that they did not select.").

Finally, counsel for Defendants Northwestern University Pritzker School of Law and Northwestern University Police Department has indicated that the proper named Defendant for both entities is Northwestern University. The parties have agreed to amend the case caption to reflect the correct named Defendant Northwestern University in place of Defendants Northwestern University Pritzker School of Law and Northwestern University Police Department. Further, the parties have agreed to remove claims against Osofsky, Roth, and Langford in their individual capacities without prejudice but Plaintiff will maintain claims against them in their official capacities. As such the case caption will reflect that Defendants Osofsky, Roth, and Langford will be Defendants in this civil action only in their official capacities.

Wherefore, Plaintiff respectfully requests that this Court sever and remand the state law

claims against the Non-Northwestern Defendants to the Circuit Court of Cook County, Illinois, while retaining jurisdiction over all claims against the Northwestern Defendants. The parties further request this Honorable Court amend the case caption to include the correct entity for the Northwestern University Pritzker School of Law and Northwestern University Police Department to reflect Northwestern University.

Respectfully submitted,

Dated: 1/28/2025.

By:   */s/ Waleed Naser*
Tennessee BPR # 037970
155 N. Wacker Dr. Suite 4250
Chicago, IL 606061
PH: (872) 265-8490
waleed@naserlegal.com

*/s/ Farah Chalisa*
IL 6335671
155 N. Wacker Dr., Suite 4250
Chicago, Illinois 60606
Telephone: 224-614-2770
farah@naserlegal.com

## **Certificate of Service**

I hereby certify that on January 28, 2025, I caused the foregoing to be electronically filed with the Clerk of the U.S. District Court, using the CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

*/s/Waleed Naser*